J-S78017-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JARED A. MOORE | |
| Appellant | No. 162 WDA 2016 |

Appeal from the PCRA Order January 14, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0018117-2003

BEFORE:  BENDER, P.J.E., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED MARCH 14, 2017**

Jared Moore appeals, *pro se*, from the order entered in the Allegheny County Court of Common Pleas, dated January 14, 2016, dismissing his third petition filed pursuant to the Post-Conviction Relief Act ("PCRA") as untimely.[1]  Moore seeks relief from the judgment of sentence of a term of life imprisonment imposed on June 30, 2008, after he was convicted of first-degree homicide, second-degree homicide, criminal conspiracy, kidnapping, robbery, terroristic threats, unlawful restraint, theft by unlawful taking, false

_____

[*] Former Justice specially assigned to the Superior Court.

[1]  42 Pa.C.S. §§ 9541-9546.

imprisonment, and abuse of a corpse.[2]  On appeal, Moore claims the PCRA court abused its discretion in finding he failed to provide support for his averment that he was incompetent until April 17, 2014.  Based on the following, we affirm.

The facts underlying Moore's convictions were recounted by this Court in the memorandum decision affirming Moore's judgment of sentence on direct appeal:

> The evidence revealed that [Moore] and his co-conspirator, Melissa Galo ["Ms. Galo"], abducted the victim, Karen Hanyo ["the victim"], on November 28, 2003, and [Moore] stabbed her to death. [Moore] and Ms. Galo arrived at the victim's residence during the early morning hours of November 28, 2003, and pushed their way into the residence, demanding to speak with the victim.  [Moore] demanded [that] the victim pay him the $50.00 he claimed she owed him for crack cocaine, while Ms. Galo angrily accused the victim of having sex with her man ([Moore]) for crack.  Ms. Galo struck the victim[,] and [Moore] used a knife to threaten the victim, jabbing her with his knife, threatening to cut out her eyes, [and] then cutting off her clothes.  [Moore] continued to demand $50.00 from the victim. The victim called a friend, Sharon George ["Ms. George"], but was unable to obtain the $50.00.  [Moore] responded by forcing the victim to accompany him and Ms. Galo to Ms. George's house to request the money.  The victim was allowed to put on a coat, but was otherwise naked.   [Moore] removed the cell phones from the residence and cut the land-line wires.
>
> Several witnesses testified to seeing the victim captive in the back seat of the car driven by Ms. Galo.  Ms. George saw the victim in the back seat of the car but refused to give her any money.  [Moore's] friend, Randall Stoddard, temporarily rode in the car and testified that Ms. Galo drove the car while [Moore]

---

[2]  18 Pa.C.S. §§ 2502(a) and (b), 903(a)(1), 2901(a), 3701(a)(1)(i), 2706(a)(1), 2902(a)(1), 3921(a), 2903, and 5510, respectively.

held the victim captive in the back seat, blindfolded, with a knife to her neck.

Ms. Galo testified for the Commonwealth and agreed to enter a guilty plea to third degree murder, kidnapping, robbery, etc[.], [] in exchange for a 20 to 40 year [prison] sentence. Ms. Galo testified that after she stopped the car and duct-taped the victim's hands, legs, and mouth, [Moore] pulled the victim out of the car and repeatedly stabbed the victim. [Moore] stabbed the victim 17 times, inflicting fatal wounds to her chest and neck. [Moore] gave a statement to detectives after he was properly informed of his **Miranda** rights. [Moore] initially claimed that Ms. Galo stabbed the victim, but then admitted that he also stabbed the victim.

***Commonwealth v. Moore***, 990 A.2d 49 [1248 WDA 2008] (Pa. Super. 2009) (unpublished memorandum at 1-2), *citing* Trial Court Opinion, 2/23/2009, at 2-3, *appeal denied*, 992 A.2d 124 (Pa. 2010).

At the conclusion of a bench trial on April 4, 2008, the trial court convicted Moore of the crimes stated above. On June 30, 2008, the court sentenced Moore to life in prison on the first-degree murder conviction, but imposed no further penalty on the second-degree murder conviction. Additionally, the court imposed an aggregate sentence of 76 to 152 months' imprisonment on the remaining convictions, to run consecutively to the life sentence.

Moore filed a direct appeal, claiming the court erred when it convicted him of both first and second-degree murder for the same act. A panel of this Court affirmed his judgment of sentence on December 22, 2009, and the Pennsylvania Supreme Court denied his petition for allowance of appeal ("PAA") on April 6, 2010. ***See id.***

- 3 -

Moore filed his first PCRA petition, which was denied by the PCRA court on February 29, 2012, and dismissed by this Court on October 16, 2012, for failure to file a brief.

On March 19, 2014, Moore filed a petition for writ of *habeas corpus ad subjiciendum*, challenging his life imprisonment sentence because he was under the age of 21 when he committed the offense, and therefore was entitled to relief under **Miller v. Alabama**, 132 S.Ct. 2455 (U.S. 2012).[3] The PCRA court treated the petition as a PCRA petition, and after providing Pa.R.Crim.P. 907 notice, the court dismissed the petition without a hearing on June 24, 2014. Moore appealed. In a judgment order on February 11, 2015, a panel of this Court affirmed the PCRA court's order, concluding: (1) Moore could not benefit from **Miller** based on his age; and (2) Moore filed a patently untimely PCRA petition that did not come within any of the exceptions to the time bar,[4] and therefore, the PCRA court was without jurisdiction to review the matter. **Commonwealth v. Moore**, 120 A.3d 378 [1082 WDA 2014] (Pa. Super. 2015) (unpublished memorandum).

---

[3] In **Miller**, the United States Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition against 'cruel and unusual punishments.'" **Miller**, 132 S.Ct. at 2460. We note Moore was 19 years old at the time he committed the offenses at issue.

[4] **See** 42 Pa.C.S. § 9545(b)(1)(i)-(iii).

While his appeal was pending, Moore continued to file numerous pleadings with the PCRA court, including a *pro se* third PCRA petition on June 12, 2014, which is at issue in the present appeal. In his third petition, Moore alleged, in relevant part, that he was incompetent to stand trial and trial counsel was ineffective for failing to order a competency hearing. ***See*** Petition for Post Conviction Collateral Relief, 6/12/2014, at 8. The matter was held until the resolution of the prior appeal. ***See Commonwealth v. Lark***, 746 A.2d 585, 588 (Pa. 2000). The Commonwealth then filed a response on April 21, 2015. On May 1, 2015, the PCRA court ordered Moore to file any supplemental documentation to support his claim of mental incompetence. ***See*** Order, 5/1/2015. Moore filed a motion for medical records on June 18, 2015, a supplemental addendum PCRA petition on July 9, 2015, a motion for leave to obtain discovery on September 25, 2015, and another supplemental addendum PCRA petition on September 28, 2015.

On October 13, 2015, the PCRA court denied the motion for discovery and filed a notice of intention to dismiss Moore's petition without a hearing pursuant to Pa.R.Crim.P. 907. Specifically, the court found the petition was untimely filed and Moore did not prove any exception to the timeliness provisions of the PCRA. Moore did not file a response to the Rule 907 notice.

On January 14, 2016, the PCRA court dismissed Moore's petition. This timely, *pro se* appeal followed.[5, 6]

In his sole issue, Moore states the PCRA court erred by determining that he failed to provide support for his averment that he was incompetent until April 17, 2014. **See** Moore's Brief at 1.

"Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must first determine whether the instant PCRA petition was timely filed." **Commonwealth v. Smith**, 35 A.3d 766, 768 (Pa. Super. 2011), *appeal denied*, 53 A.3d 757 (Pa. 2012).

> The PCRA timeliness requirement … is mandatory and jurisdictional in nature. **Commonwealth v. Taylor**, 933 A.2d 1035, 1038 (Pa. Super. 2007), *appeal denied,* 597 Pa. 715, 951 A.2d 1163 (2008) (citing **Commonwealth v. Murray**, 562 Pa. 1, 753 A.2d 201, 203 (2000)). The court cannot ignore a petition's untimeliness and reach the merits of the petition. **Id**.

_____

[5] In addition to his third PCRA petition, Moore also filed a *pro se* motion for post-conviction forensic DNA testing on September 1, 2015. The PCRA court denied his motion for DNA testing on November 3, 2015. Moore filed a notice of appeal from that order on December 3, 2015 (it was docketed on December 14, 2015), which is currently pending before this Court at Docket No. 1962 WDA 2015. On March 21, 2016, this Court indicated the two appeals would be listed consecutively before a single panel. Nevertheless, based on the nature of the appeals, we have not consolidated them for our review. This memorandum deals only with the pending appeal at Docket No. 162 WDA 2016.

[6] The court did not order Moore to file a concise statement of errors complained of on appeal under Pa.R.A.P. 1925(b). On February 23, 2016, the court issued an opinion, indicating it was relying on the reasons set forth in its October 13, 2015, Rule 907 notice.

*Commonwealth v. Taylor*, 67 A.3d 1245, 1248 (Pa. 2013), *cert. denied*, 134 S.Ct. 2695 (U.S. 2014).

A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S. § 9545(b)(3). Here, our review of the record reveals the Pennsylvania Supreme Court denied Moore's PAA on April 6, 2010. *See Commonwealth v. Moore*, 992 A.2d 124 (Pa. 2010) (*per curiam*). Therefore, Moore's judgment of sentence became final on July 5, 2010, 90 days after the Pennsylvania Supreme Court denied his petition for allowance of appeal and the time for filing a petition for review with the United States Supreme Court expired. *See* 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct.R. 13. As such, any PCRA petition had to be filed by July 5, 2011. Moore did not file the present PCRA petition until June 12, 2014. Accordingly, Moore's petition is patently untimely.

Nevertheless, an untimely PCRA petition may be considered if one of the following three exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i-iii). Furthermore, a PCRA petition alleging any of the exceptions under Section 9545(b)(1) must be filed within 60 days of when the PCRA claim could have first been brought. 42 Pa.C.S. § 9545(b)(2).[7]

Turning to the present matter, Moore's allegations touch upon the newly discovered fact exception in Section 9545(b)(1)(ii). Specifically, Moore states: "[H]e lacked a rational and factual understanding of the proceedings, and sufficient ability to consult with his lawyer with a reasonable degree of understanding prior to and during trial, sentencing[,] and up until April 17, 2014," when he apparently regained competency and filed his PCRA petition within a timely manner. Moore's Brief at 1.

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence.

---

[7] Moreover, we are mindful that "although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." **Commonwealth v. Lyons**, 833 A.2d 245, 252 (Pa. Super. 2003) (citation omitted), *appeal denied*, 879 A.2d 782 (Pa. 2005).

> *Commonwealth v. Bennett*, 593 Pa. 382, 395, 930 A.2d 1264, 1271 (2007). Due diligence demands that the petitioner take reasonable steps to protect his own interests. *Commonwealth v. Carr*, 768 A.2d 1164, 1168 (Pa. Super. 2001). A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. *Commonwealth v. Breakiron*, 566 Pa. 323, 330–31, 781 A.2d 94, 98 (2001); *Commonwealth v. Monaco*, 996 A.2d 1076, 1080 (Pa. Super. 2010), *appeal denied,* 610 Pa. 607, 20 A.3d 1210 (2011). This rule is strictly enforced. *Id.* Additionally, the focus of this exception "is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." *Commonwealth v. Marshall*, 596 Pa. 587, 596, 947 A.2d 714, 720 (2008) (emphasis in original).

*Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015), *appeal denied*, 125 A.3d 1197 (Pa. 2015).

Moore claims the issue of whether a defendant was competent to stand trial can never be waived. *See* Moore's Brief at 1; *see also Commonwealth v. Cruz*, 852 A.2d 287, 293 (Pa. 2004) ("Although the lower courts are correct that there is no express exception for mental incapacity found in Section 9545(b)(1), we are satisfied that, in some circumstances, claims that were defaulted due to the PCRA petitioner's mental incompetence may qualify under the statutory after-discovered evidence exception.").[8] He points to the following as indicative of his incompetence: (1) his counsel referred to him as "a kid with 'severe mental

---

[8] With regard to the limitation on the exception, *Cruz* also provides that a defendant must demonstrate "that his incompetence rendered him unable to discover the factual bases for the collateral claims he would raise, and that he acted in a timely fashion once he became competent." *Cruz*, 852 A.2d at 296-297.

problems;'"[9] (2) in 2002 and 2003, he was physically attacked and suffered numerous injuries, including loss of consciousness; (3) he was diagnosed with a depressive disorder and chronic poly-drug addiction; (4) he was seen by two doctors prior to trial and they described him as "amnesiac;"[10] and (5) since he has been imprisoned, he was involuntarily committed to the mental health unit and declared a danger to himself and others.  *Id.* at 1-2.

Nevertheless, Moore admits to the following:

> However, [Moore] acknowledges the fact that beyond the [Department of Corrections'] psychology staff documents there is very little before the court in this case in terms of psychiatric reports and other mental health records.  There has not been a determination that [Moore] is incompetent; nor [] has there been a determination that [Moore] regained competency.  But [it] is indisputable that [Moore] has severe psychological problems, and sustained serious brain injury, and brain injuries impair cerebral functioning, and that healing takes time. [Moore] was brain damaged.  His subsequent recovery of brain functioning has made him aware of facts that were previously unknown to him.  They were unknown by him not merely unable to be communicated to counsel.  They could not be ascertained by the exercise of due diligence.  [Moore]'s access to medical care and legal information have been significantly comprised by his incarceration.

*Id.* at 4-5.  Moreover, Moore also alleges PCRA court's reliance on the report by defense expert, Dr. Stuart Burstein, that was admitted into evidence at trial and stated Moore had mild depression but was capable of cooperating with his attorney, is misplaced.  *See id.* at 6; *see also* Notice of Intention to

_____

[9]  Moore's Brief at 1.

[10]  *Id.* at 2.

Dismiss [PCRA] Petition Without a Hearing, 10/13/2015, at 6. Moore claims

Dr. Burstein's review was limited, lacking, and not relevant to the issue of

competency.[11] *See* Moore's Brief at 6.

The PCRA court found the following:

10) In the instant PCRA [petition], [Moore] claims that he became competent on April 17, 2014, within 60 days of filing the PCRA. A period of mental incompetence can satisfy the after-discovered evidence exception of the PCRA time-bar. The alleged mental incapacity can render the facts upon which a PCRA is based to be unknowable until the defendant become[s] competent. Additionally, the issue of competency to stand trial may be raised for the first time on collateral review, notwithstanding failure to raise the issue at trial or on direct appeal. Commonwealth v. Blakeney, 108 A.3d 739 (Pa. 2014). Commonwealth v. Cruz, 852 A.2d 287 (Pa. 2003). Commonwealth v. Monaco, 996 A.2d 1076 (Pa. Super. 2010).

11) To be deemed competent, [Moore] needed to have the ability to consult with counsel with a reasonable degree of understanding, in order to participate in his defense, and must have been able to understand the nature of the proceedings against him. Commonwealth v. Blakeney, 108 A.3d 739 (Pa. 2014).

12) [Moore] has failed to provide support for his averment that he gained competency on April 17, 2014. A PCRA petition must show where the underlying facts appear in the record or, if they are not in the record, then a petitioner must identify any affidavits, documents and other evidence that shows such facts. Otherwise, the PCRA [petition] has no arguable merit and can be dismissed. Pa.R.Crim.P. 902(A)[(12)]. Commonwealth v. Cruz, 852 A.2d 287 (Pa. 2003).

13) This Court [o]rdered [Moore] to file any supplemental documentation to his claim of incompetency by June 30, 2015,

---

[11] Rather, Moore contends the doctor's medical analysis was based on a diminished capacity defense. *Id.* at 7.

and thereafter granted [Moore]'s motion for an extension to file supplemental documentation on or before September 30, 2015.

14) On July 9, 2015, [Moore] filed a Supplemental Addendum Petition for Post Conviction Collateral Relief. In the Addendum [Moore] refers to his co-defendant Melissa Galo who described him as "psycho" and "hearing voices" and that he was declared a "danger to himself and others" and "suicidal" by Allegheny County Behavior Psychologists before trial. [Moore] further stated that both Dr. Burstein and Dr. Wright described him as amnesiac. This is insufficient to demonstrate mental incompetence during any period of time, including mental incompetence until April 17, 2014, the date [Moore] claims he gained competency.

15) Additionally, [Moore] attaches exhibits from the Department of Corrections indicating that he was a danger to himself or others on the dates of review, May 31, 2011, June 4, 2013, November 19, 2013, and April 15, 2014. These documents do not show that [Moore] was incompetent for any period of time.

16) On or about September 24, 2015, [Moore] filed a Supplemental Addendum Petition for Post Conviction Collateral Relief, in which he avers that he was so grossly impaired that he could not offer assistance in his defense at the time of trial and that he could not express any emotion or discuss the facts of his case in any sensible way. [Moore] alleges that he lived a marginal existence and used drugs regularly, was slow moving, slow talking and could have had brain damage. [Moore] claims that he was experiencing auditory hallucinations and amnesiac symptoms before and during trial and refers to page 286 of the trial transcript, which is where the Commonwealth's expert paraphrases some of [Moore]'s prior statements and concluded that [Moore]'s claims are malingering. This does not support [Moore]'s claim that he was incompetent until April 17, 2014, when he gained competency.

17) Dr. Stuart Burstein testified for [Moore] that he had examined [him] on March 19, 2008, and prepared a psychological profile and report based on the examination. The report was entered into evidence. The report stated that [Moore] has mild symptoms of depression, but he remains fully capable of cooperating with his attorney. Dr. Burstein diagnosed

[Moore] as having a depressive disorder, not otherwise specified. Dr. Burstein did not conclude that [Moore] was incompetent.

18) Dr. Bruce Wright testified for the Commonwealth that he had examined [Moore] on March 29, 2008 and prepared a report that was entered into evidence. Dr. Wright diagnosed [Moore] as having a depressive disorder not otherwise specified. Dr. Wright did not conclude that [Moore] was incompetent.

…

21) This Court has independently reviewed the record and examined the claims raised by [Moore] and determined that there are no meritorious issues and that [Moore] is not entitled to post-conviction collateral relief.

Notice of Intention to Dismiss [PCRA] Petition Without a Hearing, 10/13/2015, at 4-7 (record citations omitted).

After a thorough review of the record, the parties' briefs, and the relevant case law, we find the PCRA court's opinion comprehensively discusses and properly disposes of the question presented in this appeal. Accordingly, we affirm on the basis of the trial court's opinion, but add these additional comments.

First, other than mere allegations, Moore fails to set forth any evidence that he was ever incompetent.[12] Indeed, he admits there has never been an

_____

[12] With respect to competency, we are guided by the following. The courts presume a defendant is competent to stand trial. **Commonwealth v. Brown**, 872 A.2d 1139, 1156 (Pa. 2005). Moreover,

[c]ompetency to stand trial is measured by the relationship between counsel and client: to be deemed competent, the defendant needs to have the ability to consult with counsel with

*(Footnote Continued Next Page)*

actual determination that he was incompetent at the time of trial. **See**

Moore's Brief at 4. Furthermore, Moore does not aver what occurred around

April 17, 2014, to explain how he regained competency on that date. It also

merits mention that Moore is familiar with legal proceedings, and he has

filed multiple petitions and motions prior to the present PCRA petition, but

has never alleged that he was incompetent. Second, other than baldly

stating that previously unknown facts were revealed to him, he provides no

_(Footnote Continued)_ ─────────────

> a reasonable degree of understanding, in order to participate in his defense, and he must be able to understand the nature or object of the proceedings against him.

**Commonwealth v. Blakeney**, 108 A.3d 739, 752 (Pa. 2014), _cert. denied_, 135 S. Ct. 2817 (U.S. 2015); 50 P.S. § 7402(a). The trial court is only required to order a competency hearing if there "is reason to doubt the defendant's competency." **Commonwealth v. Uderra**, 862 A.2d 74, 88 (Pa. 2004).

> The court, either on application or on its own motion, may order an incompetency examination at any stage in the proceedings and may do so without a hearing unless the examination is objected to by the person charged with a crime or by his counsel. In such event, an examination shall be ordered only after determination upon a hearing that there is a prima facie question of incompetency. Upon completion of the examination, a determination of incompetency shall be made by the court where incompetency is established by a preponderance of the evidence.

50 P.S. § 7402(d).

While Moore would like this Court to disregard his own defense expert's report, the expert did not conclude Moore was incompetent. **See** Notice of Intention to Dismiss [PCRA] Petition Without a Hearing, 10/13/2015, at 6; **see also** N.T., 4/1/2008-4/4/2008, at 140-169.

- 14 -

argument regarding what substantive claims he was unable to advance because of his alleged incompetence. As such, he cannot rely on these mere assertions to overcome his burden pursuant to the PCRA. **See Cruz**, **supra**.

We conclude Moore has not established any of the timeliness exceptions to the PCRA requirements. Therefore, we agree with the PCRA court that it lacked jurisdiction to address Moore's claim, and we discern no abuse of discretion by the court. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/14/2017